IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TWENTY FIRST CENTURY HOLINESS                                                                PLAINTIFFS
TABERNACLE CHURCH, INC.;
ANGELA MORALES; SHARON ALAMO;
and SALLY DEMOULIN

VS.                                            CASE NO. 13-CV-4037

LANDMARK INSURANCE COMPANY                                                                    DEFENDANT

## ORDER

Before the Court are Defendant's Cross Motion for Summary Judgment (ECF No. 14) and Motion to Strike Reply (ECF No. 24). This is an action seeking a declaratory judgment as to the rights and obligations of the parties pursuant to an insurance policy issued by Defendant. Plaintiff-Insureds seek a declaration from the Court regarding Defendant's contractual obligations to defend and indemnify Plaintiffs in *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, et al.*, No. 4:10-cv-04124.

Since the filing of Plaintiffs' Complaint (ECF No. 1) and motions for summary judgment, the configuration of the case underlying this declaratory judgment action has changed dramatically. Many of the Plaintiff-Insureds who were parties in *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, et al.*, No. 4:10-cv-04124 have had the claims against them settled and/or dismissed. The final dismissal of all claims in *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, et al.*, No. 4:10-cv-04124 was affirmed by the Eighth Circuit Court of Appeals on September 11, 2014. Thus, for many of the Plaintiff-Insureds in this action, there are currently no claims against them in an underlying suit that would implicate Defendant's insurance policies.

In light of these developments, the Court finds that updated motions for summary judgments are necessary. Accordingly, Defendant's Motion for Summary Judgment (ECF No. 14) is hereby **DENIED WITHOUT PREJUDICE**. Defendant's Motion to Strike Reply (ECF No. 24) is hereby **DENIED AS MOOT**.

Any motions for summary judgment must be filed on or before October 14, 2014. The Court asks that the parties explicitly address the current disposition of each underlying cause of action referenced in the First Amended Complaint as well as any newly filed actions that may implicate Plaintiffs' insurance policies. The Court also requests that the parties fully discuss, with supporting law, whether a justiciable controversy still exists as to the insurance coverage of Defendant-Insureds whose claims in the underlying suit(s) have been settled and/or dismissed.[1]

IT IS SO ORDERED, this 16th day of September, 2014.

                                                /s/ Susan O. Hickey
                                                Susan O. Hickey
                                                United States District Judge

---

[1] It is worth noting that similar declaratory judgment actions against some of the same insureds have been voluntarily dismissed in light of the settlement agreement reached in *Kolbek, et al. v. Twenty First Century Holiness Tabernacle Church, et al.*, No. 4:10-cv-04124. *See Cameron Mutual Insurance Company v. Steve Johnson, et al*, No. 4:11-cv-4051; *National Libaility & Fire Insurance Company v. Desiree Kolbek, et al*, No. 4:12-cv-4126.